# Exhibit A

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | FOR THE FIRST JUDICIAL CIRCUIT |
| COUNTY OF CHARLESTON ) | CASE NO.:  2021-CP-10- |

|  |  |
|---|---|
| LaFLAMME PAINTING, LLC, ) | |
| ) | |
| Plaintiff, ) | **SUMMONS** |
| ) | |
| vs. ) | **JURY TRIAL DEMANDED** |
| ) | |
| UNITED STATES LIABILITY INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

**TO THE ABOVE-NAMED DEFENDANT:**

**PLEASE TAKE NOTICE** that you are hereby summoned and required to file with the Court and to serve an Answer to the Complaint in the above-captioned action, a copy of which is attached underneath this Summons, upon the undersigned at the address listed below within 30 days from the date that service of this Summons and Complaint is effectuated upon you.

**If you fail to file an Answer or Motion against the Complaint within 30 days of service of process, Plaintiff will apply to the Court for entry of a Default Judgment and for all relief demanded in the Complaint, together with the costs of this Action.**

Dated:  Mount Pleasant, S.C.  
       September 20, 2021

Respectfully submitted,

*s/William B. Jung*

_____  
William B. Jung, Esq.  
1156 Bowman Road, Ste. 200  
Mount Pleasant, S.C. 29464  
(843) 576-4200

Attorney for the Plaintiff

ELECTRONICALLY FILED - 2021 Sep 20 2:27 PM - CHARLESTON - COMMON PLEAS - CASE#2021CP1004335

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | FOR THE FIRST JUDICIAL CIRCUIT |
| COUNTY OF CHARLESTON | ) | CASE NO.:  2021-CP-10- |

| | | |
|---|---|---|
| LaFLAMME PAINTING, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | **COMPLAINT** |
| | ) | |
| vs. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| UNITED STATES LIABILITY INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**COMES NOW**, the Plaintiff, LaFlamme Painting, by its attorney, William B. Jung, Esq., as and for its Complaint against the Defendant named herein, would demonstrate to this Court:

**I.**

**As and for A First Cause of Action**

**(Breach of Contract of Insurance)**

1. That the Plaintiff LaFlamme Painting, LLC ("LaFlamme Painting" or 'Plaintiff") is a South Carolina limited liability company located in Charleston County, State of South Carolina.

2. That, upon information and belief, the Defendant United States Liability Insurance Company ("Defendant") is an insurance company organized and existing pursuant to the laws of a state other than South Carolina but is licensed to do business in the State of South Carolina.

3. That the Plaintiff purchased a general commercial liability policy from the Defendant's predecessor(s) in interest, Markel Southwest Underwriters and Companion Property & Casualty Ins. Co., said Policy having the Policy Number CL-390200118 and an effective insured date of August 26, 2004 to August 26,

ELECTRONICALLY FILED - 2021 Sep 20 2:27 PM - CHARLESTON - COMMON PLEAS - CASE#2021CP1004335

      2005. Plaintiff duly paid the premiums on said Policy for all relevant times. Plaintiff incorporates by reference the terms and conditions to and all Riders to said Policy as if restated at length herein verbatim.

4. Said Policy insured the Plaintiff's commercial painting work in and at the condominium's repainting at the Toler's Cove multi-family residential condominium complex in Mount Pleasant, S.C. occurring in 2004 and 2005 against any claim for negligence and other claims for defective workmanship.

5. That said Policy insured the Plaintiff against claims for negligence and gross negligence arising out of the commercial painting work that Plaintiff performed at the Toler's Cove condominium complex in Mount Pleasant, South Carolina in such amounts up to the amounts listed on the policy and obligated the Defendant to defend the Plaintiff in any claim, including suits filed against the Plaintiff, in a court of competent jurisdiction.

6. That in December of 2018, Plaintiff received notice that Plaintiff had been named as a party defendant in the action, Toler's Cove HOA, Inc. v. Hill Construction Corporation of Charleston; Case No. 2018-CP-10-2983, pending in the Charleston County Court of Common Pleas.

7. That the policy issued by the Defendant covered the claims for damage asserted against LaFlamme Painting, LLC by the Toler's Cove HOA in that action and said policy further obligated the Defendant to defend LaFlamme Painting, LLC in the action, Toler's Cove HOA, Inc. v. Hill Construction Corporation of Charleston, Case No. 2018-CP-10-2983, pending in the Charleston County Court of Common Pleas.

ELECTRONICALLY FILED - 2021 Sep 20 2:27 PM - CHARLESTON - COMMON PLEAS - CASE#2021CP1004335

8. That Plaintiff duly notified Defendant that it was named as a party defendant in the action brought against the Plaintiff by the Toler's Cove HOA and requested that Defendant provide a defense to the Plaintiff as obligated under the terms of the Policy issued to the Plaintiff by the Defendant's predecessor(s) in interest.

9. That despite repeated demand by the Plaintiff, the Defendant has refused and still refuses to accept coverage for the claims made against the Plaintiff by the Toler's Cove HOA and has refused to provide a defense to those claims. As a result, Plaintiff has been forced to retain independent counsel to defend Plaintiff in the civil action brought against the Plaintiff by the Toler's Cove HOA.

10. That the Plaintiff has fully complied with all conditions precedent to the insurance contract with the Defendant.

11. That the Defendant has breached and is in breach of its insurance contract with the Plaintiff.

12. That the Plaintiff has suffered damages in an amount to be determined by the trier of fact as a direct and proximate result of this breach of contract.

13. That the Plaintiff is entitled to judgment against this Defendant in an amount to be determined by the trier of fact.

14. That the Plaintiff is informed and believes that she is entitled to recover and hereby demands recovery of an award of pre-judgment interest on her breach of contract damages against Defendant in the amount allowable under South Carolina law, accruing from the date of the Defendant's breach of contract to the date that judgment is rendered against Defendant in this action.

ELECTRONICALLY FILED - 2021 Sep 20 2:27 PM - CHARLESTON - COMMON PLEAS - CASE#2021CP1004335

## II.

## As and for A Second Cause of Action

## (Insurance Bad Faith)

13. Plaintiff repeats and re-alleges each allegation contained in paragraphs 1 through 12 as if re-stated at length herein.

14. Plaintiff and Defendant entered into a binding contract of insurance to insure the Plaintiff against claims of negligence for defective commercial painting work performed by the Plaintiff at the Toler's Cove condominium complex in Mount Pleasant, S.C.

15. Plaintiff has been sued by the Toler's Cove HOA alleging that Plaintiff's commercial painting work and service were negligently performed.  However, Defendant has refused to provide insurance coverage and a defense against the claims made by Toler's Cove HOA against the Plaintiff.

16. The Defendant owed a duty of good faith and fair dealing to the Plaintiff under the parties' contract of insurance and in the administration of the Plaintiff's claims for compensation of a covered water loss which Plaintiff suffered at the Insured Property.

17. The direct and proximate cause of the Defendant's refusal to pay all coverages, benefits and costs due to Plaintiff under the parties' contract of insurance was the Defendant's bad faith and/or unreasonable actions in breach of an implied contract of good faith and fair dealing arising out the parties' contract of insurance.

18. As a direct and proximate result of Defendant's breach of the duty of good faith and fair dealing and a direct and proximate result of the Defendant's bad faith  and

ELECTRONICALLY FILED - 2021 Sep 20 2:27 PM - CHARLESTON - COMMON PLEAS - CASE#2021CP1004335

unreasonable actions in refusing to pay all benefits, coverages and damages incurred by the Plaintiff which were covered by the parties' contract of insurance, Plaintiff has suffered damages in an amount to be determined at trial.

19. At all relevant times, Defendant's bad faith and unreasonable actions in denying coverage for the claims brought against the Plaintiff by the Toler's Cove HOA was willful, intentional and/or in reckless disregard of the Plaintiff's rights under the parties' contract of insurance.

20. Plaintiff is informed and believe that it is entitled to recover punitive damages, in addition to actual and consequential damages, from Defendant for Defendant's insurance bad faith. Plaintiff hereby demands recovery from Defendant of punitive damages and all compensatory damages in an amount to be determined at trial.

### III.

### As and For a Third Cause of Action

### (Unfair Trade Practices)

21. Plaintiff repeats and re-alleges the paragraphs 1 through 20 as if restated at length.

22. Defendant is a "person" within the meaning of S.C. Code. Ann. § 39-5-10, et seq.

23. Defendant, by virtue of its bad faith conduct in entering into insurance contracts, was engaged in commerce within the meaning of S.C. Code. Ann. § 39-5-10, et seq.

24. The above-described misconduct of Defendant constitutes "unfair and deceptive practices" within the meaning of S.C. Code. Ann. § 39-5-10, et seq.

25. The conduct of Defendant is capable of repetition, and, upon information and belief, has been and is capable of being repeated.

26. Defendant's misconduct affects the public interest of the citizens and State of South Carolina.

27. Defendant knew, or reasonably should have known, that its misconduct violated the South Carolina Unfair Trade Practices Act, S.C. Code. Ann. § 39-5-10, et seq.

28. A direct and proximate result of Defendant's violations of the S.C. Code. Ann. § 39-5-10, et seq., Plaintiff has been damaged.

29. Plaintiff is entitled to recover her actual damages, which amount should be trebled, together with interest and her reasonable attorney's fees in prosecuting this action against Defendant in an amount to be determined at trial.

30. Plaintiff is entitled to pre-judgment interest in an amount according to South Carolina law against Defendant.

**WHEREFORE**, Plaintiff prays that the Honorable Court grant the following relief:

1. Award Judgment to the Plaintiff on all causes of action plead against Defendant herein; and

2. Award Plaintiff her actual, incidental, consequential, treble and punitive damages against Defendant, in an amount to be awarded at trial; and

3. Award Plaintiff recovery of her costs, disbursements and a reasonable attorney's fee where recoverable under South Carolina law; and

4. Award pre-judgment interest against Defendant where allowable under South Carolina Law; and

ELECTRONICALLY FILED - 2021 Sep 20 2:27 PM - CHARLESTON - COMMON PLEAS - CASE#2021CP1004335

5. Grant such other and further relief as is just and proper.

Dated: September 20, 2021

**WILLIAM B. JUNG, ESQ.**

*s/William B. Jung*

_____
**William B. Jung, Esq. (#0068788)**
1156 Bowman Road, Ste. 200
Mount Pleasant, S.C. 29464
(843) 576-4200
bradjung@msn.com

Attorney for the Plaintiff

### Demand for Jury Trial

Plaintiff demands trial by jury on all such issues properly tried to a jury.

Dated: September 20, 2021

**WILLIAM B. JUNG, ESQ.**

*s/William B. Jung*

_____
**William B. Jung, Esq. (#0068788)**
1156 Bowman Road, Ste. 200
Mount Pleasant, S.C. 29464
(843) 576-4200
bradjung@msn.com

Attorney for the Plaintiff

ELECTRONICALLY FILED - 2021 Sep 20 2:27 PM - CHARLESTON - COMMON PLEAS - CASE#2021CP1004335